# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

BMW (US) HOLDING
CORPORATION AND
SUBSIDIARIES,

      Plaintiff,

      v.

UNITED STATES OF AMERICA,

      Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

No. 25-1984 T

## COMPLAINT

BMW (US) Holding Corporation and Subsidiaries ("Plaintiff" or "BMW US"), by its undersigned counsel, brings this action for the recovery of federal income taxes overpaid to the United States of America ("Defendant"). In support thereof, Plaintiff alleges as follows:

## NATURE OF ACTION

1. This is a tax refund action in which Plaintiff overpaid its federal income taxes for tax year ending December 31, 2019.

2. On October 13, 2023, Plaintiff filed a tax refund claim on Defendant's prescribed tax form, requesting $38,436,201 in tax, plus interest thereon according to law. This refund claim was filed within three years of Plaintiff's superseding

2019 federal income tax return, which was filed before Plaintiff's 2019 federal income tax return was due.

3. Defendant denied Plaintiff's refund claim, not on its merits, but on grounds that it believed the claim was untimely because it was filed outside the three-year statute of limitations of 26 U.S.C. § 6511. Defendant measured the three-year period from an initial tax return filing which had been superseded, and not from the date Plaintiff timely filed its superseding federal income tax return.

4. Plaintiff, believing that its tax refund claim is substantively correct (which the Internal Revenue Service ("IRS") did not dispute at the administrative level) and timely (which should be measured from the date Plaintiff filed the superseding return, not the initial return), made every effort to resolve this matter administratively before filing suit.

## PARTIES

5. BMW US is a domestic corporation, organized and existing under the laws of the State of Delaware with its corporate headquarters in Woodcliff Lake, New Jersey.

6. Defendant is the United States of America.

## JURISDICTION AND VENUE

7.  This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1346(a)(1), which applies to civil actions against the United States for the recovery of federal income taxes erroneously or illegally assessed.

8.  Plaintiff satisfies the jurisdictional prerequisites: (a) that, pursuant to 26 U.S.C. § 7422, it file a refund claim with the IRS prior to filing suit; (b) that such claim for refund is filed within the statute of limitations of 26 U.S.C. § 6511;[1] and (c) that, pursuant to 26 U.S.C. § 6532, suit is not filed before the IRS denies the claim or six months expires without any such action, whichever occurs first.

## JURISDICTIONAL FACTS

9.  For tax year ending December 31, 2019 ("tax year 2019"), Plaintiff timely obtained an extension from the IRS to file its federal income tax return by October 15, 2020.

10. On September 15, 2020, Plaintiff electronically filed its initial 2019 federal income tax return on IRS Form 1120 ("Initial Tax Return"), one month prior to the extended tax return filing deadline of October 15, 2020. The return showed a tax amount due of $1,505,650,015, which Plaintiff paid in full.

---

[1] *See Haggar Co. v. Helvering*, 308 U.S. 389 (1940) (holding that a second return, filed before the due date, is "commonly known as the return for the year, and must be treated as such"); *see also* Rev. Rul. 83-36, 1983-1 C.B. 358; Rev. Rul. 86-58, 1986-1 C.B. 365 (finding that a timely filed superseding return is "the return" for purposes of a penalty under section 6655); CCA 200645019 (holding that the superseding return was "the return of the taxpayer and starts the statute of limitations on assessment under section 6501.").

11. On September 21, 2020, the IRS issued new regulations relating to 26 U.S.C. § 168(k), which impacted an election for which Plaintiff was eligible on its 2019 federal income tax return.

12. On October 14, 2020, before the extended tax return filing deadline of October 15, 2020, Plaintiff electronically filed a superseding federal income tax return on IRS Form 1120 ("Superseding Tax Return"), which perfected the election relating to 26 U.S.C. § 168(k) and replaced the Initial Tax Return. The Superseding Tax Return reported a tax liability in the amount of $1,505,650,015, which Plaintiff had previously remitted to the IRS in full.

13. On October 13, 2023, within three years from the filing of its Superseding Tax Return, Plaintiff filed a claim for refund for tax year 2019 on IRS Form 1120-X ("2019 Refund Claim"). Plaintiff's 2019 Refund Claim requested a refund in the amount of $38,436,201.

14. On November 21, 2023, the IRS disallowed Plaintiff's 2019 Refund Claim on the grounds that it was filed more than three years after the filing of Plaintiff's Initial Tax Return for the 2019 tax year. The IRS did not address the underlying merits of Plaintiff's refund claim.

15. The amount stated in Plaintiff's 2019 Refund Claim represents an amount erroneously and illegally assessed, and a debt owed to Plaintiff.

16. Before bringing this action, Plaintiff made every effort to resolve the matter administratively with the IRS. This included a request, on December 19, 2023, for the IRS to reconsider its position that the three-year statute of limitations in 26 U.S.C. § 6511 should be measured from the time Plaintiff filed its 2019 Initial Tax Return rather than the filing of its 2019 Superseding Tax Return. On June 3, 2025, the IRS declined to reconsider its position.

17. Because the IRS took over 18 months to deny Plaintiff's reconsideration request, Plaintiff had only four months remaining on the statute of limitations to seek judicial review following the IRS's action.

18. Plaintiff made multiple requests to the IRS to extend the statute of limitations to file suit to give the parties additional time to resolve the matter without litigation. However, the IRS declined the extension requests, thereby leaving Plaintiff with no option other than filing this case to preserve its rights and avoid waiving its tax refund.

## COUNT ONE – CLAIM FOR REFUND

19. Plaintiff incorporates by reference the allegations in all other paragraphs of this Complaint as if fully set forth herein.

20. Plaintiff is an indirect, wholly owned subsidiary of BMW AG ("BMW"), a German corporation globally known as a premium manufacturer of luxury automobiles and motorcycles.

21. Plaintiff conducts BMW's operations in the United States through BMW US and its subsidiaries, which files a consolidated U.S. federal income tax return.

22. BMW US owns and operates BMW Manufacturing Co., LLC ("BMW Manufacturing") and BMW of North America, LLC ("BMW NA"), both of which have elected to be disregarded entities for federal income tax purposes.

23. BMW Manufacturing manages BMW US's manufacturing plant in Spartanburg, South Carolina. It assembles BMW-branded vehicles for sale to BMW, a portion of which are then sold to distributors for use and distribution outside of the United States.

24. BMW NA is the sole distributor of BMW vehicles in the United States. BMW NA purchases BMW-branded vehicles from BMW and sells them in the United States. Some of these vehicles were assembled by BMW Manufacturing, and some were assembled by BMW's foreign affiliates.

25. Plaintiff maintains separate books and records for each of its assembling and distribution business divisions, but all of Plaintiff's divisions are part of a single and integrated business.

26. As part of the Tax Cuts & Jobs Act, the Internal Revenue Code was amended to neutralize certain incentives to conduct business through foreign corporations rather than through US-based operations. This included 26 U.S.C.

§ 250, which, under a statutory formula, allows domestic corporations in the United States to deduct a portion of certain foreign derived intangible income.

27. During tax year 2019, BMW US derived foreign intangible income from the operations of its related entities, primarily BMW Manufacturing.

28. The 2019 Refund Claim computed the 26 U.S.C. § 250 amount under its statutory formula, which caused a deduction of $242,644,454, which decreased Plaintiff's taxable income by $183,029,529, and resulted in a refund of $38,436,201 from the over $1 billion in federal income taxes that Plaintiff had paid for tax year 2019.

29. Plaintiff is and at all relevant times has been the sole owner of its timely claim for refund and has made no transfer or assignment of such claim. No action on the 2019 Refund Claim has been taken by Congress of the United States or any other department of the Defendant, other than the actions described above. No suit or other process is pending or has been disposed on Plaintiff's 2019 Refund Claim in any other court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in its favor and against Defendant as follows:

i.     That Plaintiff be refunded the sum of $38,436,201, or such greater amount as this Court may determine to be legally refundable, together with statutory interest thereon as provided by law;

ii.     That this Court award Plaintiff costs, including attorney's fees, and such other further relief as this Court deems just and proper.

Dated this 19th day of November 2025.

Respectfully submitted,

JUAN F. VASQUEZ JR.
juan.vasquez@nelsonmullins.com
PETER LOWY
peter.lowy@nelsonmullins.com
TANIA P. ALBUJA
tania.albuja@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
1111 Bagby Street, Suite 2100
Houston, Texas 77002
Tel: (346) 646-5506
Fax: (346) 241-3758


BRANDON BIGELOW
Nelson Mullins Riley & Scarborough LLP
One Financial Center, Suite 3500
Boston, Massachusetts 02111
Tel: (617) 217-4660
Fax: (617) 217-4710
Brandon.bigelow@nelsonmullins.com

*Attorneys for Plaintiff*